United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHELLE DAWN SULLENBERGER,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 17-cv-01436-RMI<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 31, 34 |

Plaintiff Michelle Dawn Sullenberger seeks judicial review of an administrative law judge ("ALJ") decision denying her application for benefits under Titles II and XVI of the Social Security Act. Plaintiff's request for review of the Administrative Law Judge's ("ALJ's") unfavorable decision was denied by the Appeals Council. (Administrative Record ("AR") 5-7.) The ALJ's decision is therefore the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (Docs. 6, 10) and both parties have moved for summary judgment (Docs. 31, 34).[1]  For the reasons stated below, the court will deny Plaintiff's motion for summary judgment, and will grant Defendant's motion for summary judgment.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal

---

[1] The deadline for filing a Reply was June 5, 2018.  No Reply was filed.

error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

Plaintiff filed her application for benefits on February 25, 2013, alleging disability commencing February 28, 2008. (AR 189-200.) Plaintiff's application was initially denied on June 17, 2013. (AR 128-131.) Plaintiff filed a request for hearing with an ALJ on October 15, 2013. (AR 145.) Following a hearing, the ALJ issued an unfavorable decision on August 27, 2015. (AR 12-34.) Plaintiff requested review by the Appeals Council on October 27, 2015. (AR 9-11.) The request for review was denied on October 26, 2016. (AR 5-8.)

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.1.[2] The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

---

[2] The regulations for supplemental security income (Title XVI) and disability insurance benefits (Title II) are virtually identical though found in different sections of the CFR. For the sake of convenience, the court will only cite to the SSI regulations herein unless noted otherwise.

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. (AR 15-29.)

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity after her alleged onset date of February 28, 2008. (AR 17.)

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered from the following severe impairments: schizoaffective disorder, bipolar disorder, an anxiety disorder, and degenerative disease of the lumbar and cervical spine. (AR 18.) The ALJ further found that Plaintiff suffered from the non-severe medically determinable impairment of substance addiction disorder. (AR 18.)

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, proceeds to Step Four. *See id*. § 416.920(a)(4)(iv),(e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 18.)

At Step Four, the ALJ must determine the claimant's residual functional capacity ("RFC") and then determine whether the complaint has the RFC to perform the requirements of his past relevant work. *See id*. § 416.920(e) and 416.945. The ALJ assessed Plaintiff as having retained the RFC to perform the demands to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that: Plaintiff should avoid climbing ladders, ropes, or scaffolds; she can

frequently reach, handle, and finger; she is limited to simple and routine work with a maximum specific vocational preparation (SVP) of 2; the claimant should have no regular interaction with the general public and coworkers; and she can have up to occasional interaction with supervisors. (AR 20.) In regard to past relevant work, the ALJ determined that Plaintiff was capable of performing her past work as a motel housekeeper. (AR 27.)

At Step Five, the ALJ must determine whether the claimant is able to do any other work considering her RFC, age, education, and work experience. *See id*. §416.920(g). If the claimant is able to do other work, she is not disabled.

The ALJ determined that if Plaintiff could not perform any past relevant work, considering her age, education, work experience, and residual functional capacity, other jobs existed in significant numbers in the national economy that she could also perform. (AR 28-29.) The ALJ concluded Plaintiff had not been under a disability, as defined in the Social Security Act from February 28, 2008, through the date of the decision. (AR 29.)

## DISCUSSION

### **Rejection of Opinion of Examining Physician**

Plaintiff contends that the ALJ erred by improperly rejecting the opinion of examining physician Kimel A. Limon, PsyD. Dr. Limon found that Plaintiff would have severely impaired or poor ability to perform all mental work-related tasks. (AR 793-94, 801.) The ALJ gave little weight to these medical opinions. (AR 27.)

"In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [their] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Courts "distinguish between among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id*. (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an

ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the fact and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). An ALJ must provide clear and convincing evidence for rejecting the non-contradicted opinion of a treating or examining physician or psychologist. *Lester*, 81 F.3d at 830.

The ALJ discussed four reasons for giving Dr. Limon's opinions little weight. First, the ALJ found that Dr. Limon did not provide explanations in support of her conclusions regarding Plaintiff's functional restrictions. (AR 27.) The court agrees with the ALJ that Dr. Limon's conclusions are presented unaccompanied by explanations. (AR 793-74, 801.) While Plaintiff argues that Dr. Limon submitted a detailed medical report, complete with objective medical tests and explanation of the outcome of some of those tests, Dr. Limon provides little connection between those explanations and his conclusions. The ALJ's reasoning is supported by clear and convincing evidence.

The ALJ's second reason for giving little weight to the opinions of Dr. Limon was that "Dr. Limon's physical examination findings of a depressed mood and affect, poor eye contact, impaired delayed recall, impaired serial seven testing, a poor fund of knowledge, and paranoid and psychotic thought content, but generally normal speech, intact concentration, adequate grooming, full orientation, intact immediate recall, and goal directed thought processes [ ] are inconsistent with her opinion that the claimant would have entirely disabling limitations." (AR 27.) Plaintiff argues that the ALJ did not explain how these findings were inconsistent, yet Dr. Limon "explained at length how Plaintiff's poor performance on objective testing would translate into functional difficulties." (Plaintiff's Motion, 9:11-13.) On the page of the Administrative Record cited by Plaintiff, there is one paragraph in which Dr. Limon addresses Plaintiff's objective testing. (AR 793.) That paragraph contains two sentences addressing how Plaintiff's performance

5

on testing would affect her functioning.³ The court therefore rejects Plaintiff's claim that Dr. Limon explained at length how Plaintiff's objective testing would translate into functional difficulties. Further, the court finds that the inconsistencies between Dr. Limon's findings and her opinion that Plaintiff would have entirely disabling limitations is self-evident. Therefore, the court finds that clear and convincing evidence supports the ALJ's conclusion that Dr. Limon's physical examination finds are inconsistent with her opinion that Plaintiff had entirely disabling limitations.

The ALJ's third reason for giving little weight to the opinion of Dr. Limon was that "while cognitive testing administered during Dr. Limon's evaluating [sic] showed revealing results, the evidence as a whole does not support a finding that the claimant would have considerable cognitive deficits for the reason articulated under finding four of this determination." (AR 27.) Plaintiff argues that the ALJ erred because she pointed only to her own earlier findings, which do not constitute evidence. *See generally, Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (holding that ALJ cannot not go outside the record to make her own assessment of claimant's medical condition). Contrary to Plaintiff's argument, the ALJ did not rely on her prior finding as evidence. Rather, she relied on the "reason" supporting finding four. The ALJ provided two pages of reasoning supporting her finding four that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the relevant regulations. (AR 18-20.) While Plaintiff points out various items of evidence that weigh against the ALJ's conclusions as to social functioning, concentration, persistence and pace, and cognitive abilities, the court finds that clear and convincing evidence supports the ALJ's conclusions. *See Burch*, 400 F.3d at 679 (The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation.).

The ALJ's fourth reason for giving little weight to Dr. Limon's opinion was that it was not supported by the medical evidence as a whole. (AR 27.) The ALJ stated:

---

³ "Claimant's Processing Speed (50) is a measure of a person's ability to plan, organize and develop relevant strategies. She scores significantly lower on this index as compared with other index scores, reflecting she may require extra time to learn material, be slow picking up objects, be slow readers [sic], be hesitant, and take a relatively long time to find food items on a shelf."

6

> Lastly, Dr. Limon's medical opinions are inconsistent with the medical evidence as a whole, which demonstrate that the claimant realized benefit from psychotropic medications and psychological counseling and that although the claimant displayed anxious or depressed mood with a corresponding affect through multiple mental status examinations, the claimant demonstrated only intermittently abnormal thought content and just intermittently inappropriate eye contact, and the claimant generally exhibited cooperative behavior, normal speech, normal psychomotor activity, adequate grooming and hygiene, full orientation, intact memory, and normal thought processes.

(AR 27.) Plaintiff contends that this is, at best, a strained reading of the medical record. Plaintiff points to the numerous points in the record documenting her reports of auditory and visual hallucinations, and her prescribed use of related medication at twice the maximum dosage. (Plaintiff's Motion for Summary Judgment, 12-13.) She argues that proper crediting of Dr. Limon's opinion by the ALJ would have resulting in a conclusion that she had "extreme" or at least "marked" limitations in the areas of "social functioning" and "concentration, persistence, or pace," and therefore met the "paragraph B" criteria for Listings 12.03, 12.04, and 12.06.

Even as described by Plaintiff, her hallucinations are intermittent and cyclical, and the ALJ provided a detailed explanation of the evidence on which she relied in reaching her conclusion. The fact that there was evidence to support a contrary conclusion is not determinative. *See Burch*, 400 F.3d at 679. The court finds that there was clear and convincing evidence in the record to support the ALJ's finding that Dr. Limon's medical opinions were inconsistent with the medical evidence as a whole.

In conclusion, the court finds no error in the ALJ affording little weight to the opinions of the examining physician, Dr. Limon.

**<u>Rejection of Subjective Testimony</u>**

Plaintiff contends that the ALJ erred in rejecting her subjective testimony regarding her symptoms.

In Social Security Ruling ("SSR") 96-7p, the Agency outlined a two-step process for evaluating a claimant's statements regarding symptoms. The first step is to determine whether the

claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. SSR 96-7p. The second step is to examine the entire record, including objective medical evidence and the claimant's statements about the intensity, persistence, and limiting effects of symptoms, and "any other relevant evidence in the case record." *Id*. An individual's statements about the intensity, persistence, and limiting effects of symptoms "may not be disregarded solely because they are not substantiated by objective medical evidence." *Id*. (emphasis in original).

The ALJ must provide "clear and convincing" reasons to reject a claimant's subjective testimony, by specifically "identify[ing] what testimony is not credible and what evidence undermines the claimant's complaints*." See Lester*, 81 F.3d at 834. A general assertion that a claimant is not credible is insufficient. *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

> In this case, the ALJ found as follows:
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. Through evaluating the claimant's allegations under the factors outlined in SSR 96-7p, the undersigned finds the claimant's allegations as a whole to be partially credible. As for specific allegations, the undersigned finds that the record does not support the claimant's allegations of work-preclusive limitations arising from her mental impairments and related symptoms.

(AR 21.) The ALJ then reviewed Plaintiff's history of mental status examinations at length and in considerable detail. (AR 21-23.) Based on this review, the ALJ concluded that the examination findings do not support Plaintiff's allegations of disabling symptoms and work-preclusive limitations due to her mental status. She also found that the records from Plaintiff's psychological treating sources were inconsistent between the actual contemporaneous records and the allegations made, giving many examples. (AR 23-24.)

8

Plaintiff argues that the ALJ did not discuss the cyclical nature of her hallucinations and depression. But the ALJ did note the existence of records substantiating Plaintiff's claims of hallucinations and depression. (AR 23.) Plaintiff again simply places a different interpretation on the evidence that was before the ALJ. The court finds that the ALJ provided clear and convincing evidence to support her conclusion that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

## CONCLUSION

Having considered all of the parties' arguments, the court finds no error in the ALJ's decision. Accordingly, and for the reasons stated above, the court DENIES Plaintiff's motion for summary judgment, and GRANTS Defendant's motion for summary judgment.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: August 7, 2018

ROBERT M. ILLMAN
United States Magistrate Judge